Argued and submitted November 3, affirmed December 20, 1989

In the Matter of the Estate of
Artie W. Burris.

BRYAN et al,
*Appellants,*

*v.*

EASTSIDE FREE METHODIST CHURCH,
*Respondent.*

(8612-92538; CA A50987)

784 P2d 109

Magar E. Magar, Portland, argued the cause and filed the brief for appellants.

No appearance for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

The personal representatives of an estate (appellants) appeal from the trial court's order sustaining respondent Eastside Free Methodist Church's objection to appellants' discharge and awarding a monetary judgment against them. The ground for the objection was that appellants had failed to distribute a testamentary bequest to respondent, pursuant to the decedent's will and the decree of final distribution,[1] and instead gave half of the bequest to respondent and half of it to Archie W. Mathias.

The will provides, in relevant part:

"I direct that my residence home be sold at the present fair market value and [a specified part] of the proceeds be given to EASTSIDE COMMUNITY CHURCH of 650 S.E. 139th, Portland, Oregon."

After the decedent died, appellants learned that respondent is the church located at the address in the will. However, because respondent is named "Eastside Free Methodist Church" rather than "Eastside Community Church," appellants reasoned that the object of the decedent's bounty might have been Mathias, who had been the minister of the church during the 1970's and had referred to it as Eastside Community Church, even though that had never been its corporate name.[2] Therefore, notwithstanding the fact that the will was executed approximately three years after Mathias left the church, apparently to assume another pulpit, appellants concluded that the will was ambiguous. They sought to resolve the perceived problem by dividing the bequest evenly between respondent and Mathias. Appellants communicated with an official of a Free Methodist organization, and they contend that he and they orally agreed to that course.[3] No agreement

---

[1] Although entitled "order for final distribution," the document is a decree of final distribution under ORS 116.113.

[2] In their brief, appellants suggest that Mathias' present church might have been the intended beneficiary. However, they distributed the bequest to Mathias personally.

[3] The official does not agree that he contracted with them or that he could. He testified that he told appellants' attorney that he would not intervene if appellants themselves undertook a "legal means of changing the will." He said, however, that the ministers and he were not named in the will and should not "bargain" about it. Were the evidence relevant, we would believe him. We do not imply that appellants and their attorney have misrepresented the events; they just do not understand them.

was submitted to the court for approval.

Appellants filed their final accounting and petition for decree of distribution after the purported agreement was reached, and it showed "Eastside Community Church" as the sole distributee of the bequest. The decree of final distribution ordered that the bequest be distributed accordingly. Appellants nevertheless made the 50-50 distribution. They attempted, at the hearing on respondent's objection, to introduce evidence to prove the consummation of the agreement. The trial court concluded that the will was not ambiguous, that "Eastside Community Church" meant respondent, that appellants had not received court approval for any distribution agreement and that the supposed agreement could not alter the terms of the will. Accordingly, the court disallowed the evidence. Appellants make one assignment of error, which states that the "court erred in saying that it did not have to reach the question of an agreement between the parties to settle their dispute."

■   Appellants argue that the agreement purportedly reached was in settlement of a *bona fide* controversy and that the court should have given effect to the agreement, even if the court would have resolved the merits of the controversy differently. *See Ruble For. Prod. v. Lancer Mob. Homes,* 269 Or 315, 319-20, 524 P2d 1204 (1974), and authorities there cited. We need not decide whether the "compromise and settlement" doctrine can ever be invoked by a personal representative in a "dispute" that the representative initiates with a beneficiary over the distribution of a testamentary bequest, *see* Annot., 42 ALR 2d 1319, 1365, because it cannot aid appellants here.[4]

■   Appellants' distribution violated the decree of final distribution, by which they were directed to distribute the bequest to "Eastside Community Church." They do not assign error to the court's conclusion that respondent is the entity referred to by that name in the will, appellants' final accounting and the decree. Moreover, the name *cannot* refer to or include Mathias. ORS 116.113(4) provides:

---

[4] It is also unnecesary for us to decide whether there was a *bona fide* controversy. The personal representatives' understanding of the meaning of the will is preposterous. The designated beneficiary is a church at a specified location, which the decedent had attended, even if it was under a different name. There is no intelligible way to read the will as intending to benefit an individual who had ceased being the minister at that church three years before the will was executed.

"The decree of final distribution is a conclusive determination of the persons who are the successors in interest to the estate and of the extent and character of their interest therein, subject only to the right of appeal and the power of the court to vacate the decree."

Appellants also make no contention that the purported agreement was approved by the court, and it is not mentioned in the decree. ORS 116.113(1) provides, in relevant part:

"In its decree the court shall designate the persons in whom title to the estate available for distribution is vested and the portion of the estate or property to which each is entitled under the will, *by agreement approved by the court* or pursuant to intestate succession." (Emphasis supplied.)

*See also* ORS 116.113(3).

The unapproved agreement, if there was one, could not have permitted a distribution that was contrary to the decree. The trial court correctly ruled that evidence of the agreement was not relevant.

Affirmed.